Filed 1/9/24  Sutherland v. Arent CA1/1
Opinion following vacating of previous opinion
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| CANDYCE K. SUTHERLAND, as TRUSTEE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIEN J. ARENT et al.,<br><br>    Defendants and Appellants. | A166632<br>(Lake County<br>Super. Ct. Nos. PR502326 &<br>CV418910) |

After this court affirmed a judgment against appellants Brien Arent and Eva Keiser (*Sutherland v. Arent* (Mar. 24, 2022, A160404) [nonpub. opn.] (*Sutherland I*)), respondent Candyce Sutherland sought to recover her appellate costs.  The trial court rejected appellants' argument that the costs should be denied since the underlying judgment against them was "void."  In this memorandum opinion, we affirm.[1]

Sutherland and Arent are siblings, and Keiser is Arent's longtime partner.  After Arent and Sutherland's father died in February 2017, yearslong litigation about their father's estate followed.  The trial court

---

[1] A memorandum opinion disposes of cases that raise "no substantial issues of law or fact," including appeals that raise "factual issues that are determined by the substantial evidence rule."  (California Standards of Judicial Administration, section 8.1.)

1

appointed Sutherland trustee over the trust that contained the property of Sutherland, Arent, and their other two siblings' late parents. Sutherland thereafter initiated unlawful detainer proceedings against both Arent and Keiser to remove them from their home, which was trust property. Following a brief trial, the trial court denied Sutherland relief after appellants produced a lease agreement that purported to permit them full access to the property. Sutherland filed a civil suit against both appellants to cancel the lease and for other relief. She also filed a petition for instructions in the probate action. The two cases were consolidated for trial.

Arent and Keiser have been unrepresented throughout most of these proceedings. Keiser testified at the bench trial on Sutherland's claims.[2] She also took an active role in the trial, as she made arguments to the court and also questioned witnesses. At one point Sutherland's trial attorney objected to Keiser raising an issue relevant to the probate proceeding since Keiser was not a beneficiary of the trust and thus not a party. Keiser argued that since the trust held property where she had been living for decades she "ha[d] a right to speak about being evicted and being put out on the street, and that whether it's the successor trustee who's doing it or a regular landlord who is doing it that is not a trustee, I still have a right to address those issues." The trial court allowed Keiser to question the witness at issue. Following trial, the trial court concluded that the lease agreement appellants had presented was a forgery and that both appellants had misappropriated property belonging to the trust, and it granted Sutherland the discretion to sell trust property.

---

[2] On its own motion, the court augments the record to include the reporter's transcript from *Sutherland I*.

After entry of judgment, Sutherland filed a memorandum of costs in the trial court. At the hearing on appellants' motion to tax costs,[3] Keiser argued that she was being asked to pay costs for an action where she was not a party. The trial court observed that "[w]hen I first started hearing this case, I was a little confused, Ms. Keiser, as to why you were making all the commentary, and you insisted that you were a party to all of these things and therefore you weren't practicing law without a license. You were a party, a defendant, et cetera. [¶] To make the argument now that somehow that's not the case is difficult for this Court to see as anything but disingenuous. I was always confused as to why you were always in the cases, you're listed in the cases . . . , and the general statement was that this affected you and you were a party. [¶] I have accepted that going forward, but to now make the argument that somehow you are not a party this, well, makes everything that you did look like you were trying to practice law without a license. [¶] So I'm going to say that that argument is not going to be considered by the Court because it's just simply—it's just simply inconsistent with what has been stated by you and/or Mr. Arent through the entire case."

In *Sutherland I*, this court affirmed the judgment against appellants. The disposition stated, "Sutherland shall recover her costs on appeal." This was a reference to California Rules of Court, rule 8.278(a)(1) (rule 8.278), which provides that a prevailing party in a civil case is entitled to costs on appeal. Appellants petitioned for review in the Supreme Court, but the petition was denied on June 22, 2022 (S274358). This court issued the remittitur on June 28.

---

[3] On its own motion, the court augments the record to include the reporter's transcript from *Sutherland v. Arent* (June 14, 2022, A161411) [nonpub. opn.] (*Sutherland II*), which affirmed the costs award.

3

Within 40 days after the issuance of the remittitur (rule 8.278(c)(1)), Sutherland filed a memorandum of costs on appeal. She sought filing fees and record-preparation and copying costs, for a total of $3,950. Appellants filed a "Motion to Strike Costs on Appeal in its Entirety as Founded Upon a Void Judgment." For the first time, they claimed that the "void judgment" against them was "replete with jurisdictional defects [that] affected the[ir] procedural due process rights." Apparently they contended that since Keiser was not a beneficiary of the trust at issue and was not a party to the probate proceeding, the single judgment entered in the consolidated action was void. Appellants' motion did not include any objection to the amounts set forth in Sutherland's memorandum of costs.

At the hearing on the motion, Keiser acknowledged that she was a party to the civil action but argued that the civil and probate actions required two separate judgments, and that the single judgment entered was thus void. The trial court denied the motion to strike costs on appeal, stating that "[i]t's simply not the right motion for what's trying to be accomplished, especially since there is something about the judgment and it's been on appeal already [and] . . . the motion itself just doesn't make any sense." Keiser and Arent appealed.

Nowhere in appellants' opening brief do they argue that the amount Sutherland was awarded for her appellate costs was excessive. Instead, they contend that the judgment entered against them in *Sutherland I* was "void" since it was "replete with jurisdictional defects." In a section of their brief that includes no citations to the record, appellants suggest that Keiser lacked proper notice of the proceedings below, when the overwhelming evidence from *Sutherland I* and *Sutherland II* is to the contrary. In another section of the

4

opening brief that likewise lacks record citations, appellants appear to attack the judgment that this court already upheld in *Sutherland I*.

Appellants' reliance on *Moore v. Kaufman* (2010) 189 Cal.App.4th 604 is entirely misplaced. There, the court concluded that a judgment was void as to an attorney, but not her client, since the anti-SLAPP (strategic lawsuit against public participation) statute (Code Civ. Proc., § 425.16) does not authorize an award of attorney fees against a nonparty attorney. (*Moore* at pp. 607, 615.) Here, there is nothing whatsoever to suggest the *Sutherland I* judgment is void.

After this court scheduled oral argument, we issued this decision as a tentative opinion. The notice stated that if the party that requested oral argument (Keiser) still wished to proceed with argument, she must notify the court of her intent by December 21, 2023. On December 19, a deputy clerk of the court emailed the parties with information about oral argument. The email stated that receipt of the email did not absolve parties of the duty to respond to the tentative opinion if oral argument was still desired. After the court did not receive any reasserted request for argument, it notified the parties on December 22 that the matter was being taken off calendar. The opinion was filed that same day.

Also on December 22, possibly unaware of the filing of the opinion, appellants notified the court that they had not received the tentative opinion. They asked that oral argument be placed back on calendar. The court construed the notice as a petition for rehearing, vacated the December 22 opinion, and returned the case to its January 8, 2024 oral argument calendar. The morning of January 8, though, appellants informed the court that they were unable to participate in argument because of technological issues, which was "not a reflection on th[e] Court." Appellants "assure[d]" the court and all

5

parties that they had not "frivolously" requested oral argument, and they "ask[ed] that all parties bear their own costs in this matter." They provide no reason why Sutherland should be denied her appellate costs, and we do not find it would be in the interest of justice to grant appellants' request. (Cf. rule 8.278 [Court of Appeal "may also award or deny costs as it deems proper" in the interests of justice].)

The order denying the motion to strike costs on appeal is affirmed. Sutherland shall recover her costs on appeal. (Rule 8.278(a)(1).)

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.




_____

Getty, J.*




    *Judge of the Superior Court of the County of Solano, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*Sutherland v. Arent*  A166632


7